# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# IOWA CENTRAL DIVISION

| | |
|---|---|
| TAMI JOHNSON and ROSANNE MORITZ,<br><br>PLAINTIFFS,<br><br>vs.<br><br>ROUTHMEIR STERLING, INC.,<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiffs, Tami Johnson ("Plaintiff Johnson") and Rosanne Moritz ("Plaintiff Moritz") by and through their attorney, L. Ashley Zubal, for their Complaint against the Defendant, Routhmeir Sterling, Inc. ("Defendant"), alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.     PARTIES

3. Plaintiff, Tami Johnson, is a natural person residing in Dayton, Iowa.
4. Plaintiff, Rosanne Moritz, is a natural person residing in Fort Dodge, Iowa.
5. Defendant, Routhmeir Sterling, Inc., is a business engaged in the collection of debts owed to another in the state of Iowa.

6. Plaintiff Moritz is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff Johnson is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff Johnson is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

9. At some point in time, the Plaintiff Johnson incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to HSBC/Household Bank, which was used for personal, family, or household use.

10. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.    FACTUAL ALLEGATIONS

12. On or about September 08, 2011, Plaintiff Moritz received a Facebook message from a representative of the Defendant named Becky Cooper. Plaintiff Moritz had never previously communicated with the Defendant nor had she ever provided the Defendant with any of her contact information. Ms. Cooper was contacting Plaintiff Moritz with regard to Moritz's daughter, Tami Johnson. Ms. Cooper requested Ms. Moritz give her daughter a message to contact Becky Cooper. Ms. Moritz advised that she would not relay the message unless she knew what it was in regard to. Ms. Cooper stated she was with Routhmeir Sterling, Inc. and there is a matter she needed to speak with Ms. Johnson about.

13. On or about September 12, 2011, Plaintiff Moritz received a call from Defendant's representative Cooper. Ms. Cooper stated that she was calling with regard to a financial legal matter with regard to Tami Johnson. Plaintiff Moritz did not provide Cooper with her phone number. Cooper asked the Plaintiff is she was Tami Johnson's mother. Plaintiff Moritz denied she was Johnson's mother and asked the representative why she was calling and requested Cooper cease contacting her. After Ms. Cooper called the Plaintiff a liar the Plaintiff ended the phone call with Ms. Cooper.

14. Ms. Cooper immediately called Plaintiff Moritz back and stated that should the Defendant subpoena the Plaintiff to court to testify would she deny that Tami Johnson was her daughter. Plaintiff Moritz expressed that she did not believe the Defendant could force her into court and ended the phone call.

15. On or about September 14, 2011, a male representative of the Defendant named Todd Cory contacted the Plaintiff Tami Johnson's father, Steve Carlson. Mr. Cory stated that they and the sheriff's department were trying to retrieve contact information for Tami Johnson and asked if Mr. Carlson knew where they could find Tami. Mr. Cory further stated that papers needed to be served on Tami. Mr. Carlson responded that he did not know of Tami's whereabouts and requested the Defendant cease contacting him. Mr. Cory gave Mr. Carlson a number and extension to provide to Tami to have her call.

16. On or about September 15, 2011, a female representative of the Defendant contact Mr. Carlson and stated it was a follow up call from the day before. Mr. Carlson stated that it was not his debt and to stop calling, that it was illegal to continue to call. The representative stated she had a right to call. Mr. Carlson requested she hold for a moment so he may record the call. The representative began arguing with Mr. Carlson and the call ended.

17. On or about September 14, 2011, a male representative of the Defendant named Todd Cory contacted the Plaintiff Tami Johnson's brother, Tony Carlson. Mr. Cory stated that they and the sheriff's department were trying to retrieve contact information for Tami Johnson and asked if Mr. Carlson knew where they could find Tami. Mr. Carlson denied knowing Tami's whereabouts and refused to provide contact information. Mr. Carlson also asked the representative why the sheriff's office didn't just "pick Tami up." Mr. Cory responded that their office decided to handle the matter on their own and gave Mr. Carlson a number and extension to provide to Tami to have her call.

18. On or about September 14, 2011, a male representative of the Defendant named Todd Cory contacted the Plaintiff Tami Johnson's husband, Ora Johnson, and left a voice message. Mr. Cory stated that it was urgent that Mr. Johnson have Tami call that day. Mr. Cory further stated that should Tami fail to contact him at a number and extension provided, a case would be filed against her.

19. On or about September 15, 2011, a female representative of the Defendant conacted the Plaintiff Tami Johnson's husband, Ora Johnson, and left a voice message. The female stated that Tami Johnson needed to call by noon the following day or that they would proceed to re-file a suit against her.

20. On or about September 16, 2011, Plaintiff Johnson received a written note from Mr. Todd Cory in her Post Office box. The note read as follows: "<u>Urgent</u> PLEASER CALL this # - it concerns a family member TODD CORY 319-362-1188." The post master informed Tami that Mr. Cory had called there looking for her.

21. On or about September 16, 2011, Plaintiff Johnson received a personal visit in the evening to her home by a Dayton police officer. The officer came to the front door and presented Ms. Johnson with a note from Todd Cory requesting Ms Johnson contact him immediately. The officer was not serving Ms. Johnson legal papers. The message was merely a note to return a phone call.

22. As a result of the above-referenced communications, the Plaintiff, Tami Johnson, has experienced the following including, but not limited to: embarrassment, humiliation, frustration, anger, stress, fear, noxiousness, loss of sleep and anxiety.

23. As a result of the above-referenced communications, the Plaintiff, Rosanne Moritz, has experienced the following including, but not limited to: embarrassment, frustration, anger, stress, noxiousness, loss of sleep and anxiety.

## V. PLAINTIFF, TAMI JOHNSON'S, FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. The Plaintiff Johnson repeats, realleges and incorporates by reference paragraphs 1 through 22.

25. Routhmeir Sterling, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692b(2)(3) by disclosing information with regard to the debt to third parties and by contacting the same third party on more than one occasion without a request to do so.

   b. The Defendant violated 15 U.S.C. § 1692c(b) by contacting the Plaintiff's place of employment or other third parties in connection with the collection of any debt, without the express permission of the Plaintiff.

   c. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   d. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

   e. The Defendant violated 15 U.SC. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

  f. The Defendant violated 15 U.S.C. § 1692e(7) through the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

  g. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  h. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

  i. The Defendant violated 15 U.S.C § 1692e(13) through the false representation or implication that documents are legal process.

  j. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

26. Plaintiff Johnson is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

27. Plaintiff Johnson is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

28. Plaintiff Johnson is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

### VI. PLAINTIFF, TAMI JOHNSON'S, SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

29. The Plaintiff Johnson repeats, realleges and incorporates by reference paragraphs 1 through 27.

30. Routhmeir Sterling, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

  a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692b(2)(3); 1692c(b); 1692d(5); 1692e(2)(a); 1692e(5); 1692e(7); 1692e(10); 1692e(11); 1692e(13); and 1692f.

  b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or

      at unusual times known to be inconvenient, with the intent to annoy, harass or threaten a person.

  c. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the fact that the Plaintiff owes an alleged debt to third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment and more than once in a one month period.

  d. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

  e. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

31. Plaintiff Johnson is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

32. Plaintiff Johnson is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

33. Plaintiff Johnson is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

### VII. PLAINTIFF, ROSANNE MORITZ'S, CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

34. The Plaintiff Moritz repeats, realleges and incorporates by reference paragraphs 1 through 22.

35. Routhmeir Sterling, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

  a. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

  b. The Defendant violated 15 U.SC. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

    c. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    e. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

36. Plaintiff Moritz is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

37. Plaintiff Moritz is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

38. Plaintiff Moritz is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** the Plaintiffs respectfully requests that judgment be entered against the Defendant, that the Plaintiffs be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VIII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

   /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF